UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CARL BUCHANAN,<br>Individually and on behalf of all others<br>similarly situated<br><br>    *Plaintiff*,<br><br>v.<br><br>REPUBLIC SERVICES, INC.<br><br>    *Defendant.* | § § § § § § § § § § § § | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. §216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiff Carl Buchanan brings this action individually and on behalf of all current and former Waste Disposal Drivers (hereinafter "Plaintiff and the Putative Class Members") who worked for Republic Services, Inc. (hereinafter "Republic"), during the past three years, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1. Plaintiff Buchanan has been employed as a non-exempt waste disposal driver at Republic's Corpus Christi, Texas waste disposal facility since approximately 2014.

2. Plaintiff Buchanan brings this action individually and on behalf of all other similarly situated non-exempt waste disposal drivers ("Putative Class Members") employed by Republic throughout the United States during the preceding three years and through the final disposition of this matter.

3. Plaintiff and the Putative Class Members seek all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

4. Plaintiff and the Putative Class Members allege that Republic failed to pay the proper amount of overtime in accordance with the FLSA for the three-year period preceding the filing of the Original Collective Action Complaint and through the final disposition of this matter. Republic's violations are described as follows.

5. Republic violated (and continues to violate) the FLSA by permitting and encouraging their waste disposal drivers, including Plaintiff and the Putative Class Members, to perform pre-trip and post-trip work duties "off-the-clock" and without pay.

6. Accordingly, Republic violated (and continues to violate) the FLSA by failing to pay their waste disposal drivers across the United States, including Plaintiff and the Putative Class Members, time and one-half for each hour worked in excess of 40 hours per workweek as is required by the FLSA.

## II.
## PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Carl Buchanan ("Buchanan") is an individual residing in Corpus Christi, Nueces County, Texas and has worked at Republic's Corpus Christi, Texas facility within the relevant three-year period. Plaintiff Buchanan's written consent to be a party plaintiff in this action is attached hereto as Exhibit "A."

8. The Putative Class Members represent all of Republic's non-exempt current and former waste disposal drivers throughout the United States who performed the same or similar work as Plaintiff Buchanan, and were subjected to the same or similar payment policies as Plaintiff Buchanan during the past three years and through the final disposition of this matter.

9. Defendant Republic Services, Inc. ("Republic") is a for-profit corporation incorporated in the State of Delaware and doing business in the State of Texas. Republic may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

10. This Court has personal jurisdiction over Republic because the cause of action arose within this District as a result of Republic's conduct within this District.

### III.
### SUBJECT MATTER JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq*.

12. Venue is proper in the Southern District of Texas, because all or a substantial part of the acts, omissions and events giving rise to this action occurred in the Southern District of Texas.

13. Specifically, Republic has maintained a working presence throughout South Texas and Plaintiff Villarreal resides in Nueces County, Texas, all of which are in this District and Division.

14. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

### IV.
### FLSA COVERAGE

15. At all material times, Republic has been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

16. At all material times, Republic has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA because Republic has had and continues to have employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

17. At all material times, Plaintiff and the Putative Class Members are (or were) employees who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–07.

18. At all material times, Republic has had (and continues to have) an annual gross business volume in excess of the statutory minimum of $500,000.00. 29 U.S.C. § 203(s)(1).

## V.
## STATEMENT OF FACTS

**A.     REPUBLIC'S CORPORATE RELATIONSHIP**

19. Republic provides waste collection and disposal services to its customers throughout the State of Texas and the United States.

20. As it relates to certain allegations advanced in this complaint, an overview of Republic's corporate history and structure is not only necessary but instructive.

21. Browning-Ferris Industries, Inc., commonly known to the world as BFI, has operated waste disposal facilities throughout the State of Texas and the United States for many years.

22. In 1999, Allied Waste acquired BFI's waste disposal facilities throughout the United States.

23. Prior to the filing of this action, Republic (including its affiliates or subsidiary companies) acquired (or organized) numerous other waste disposal companies doing business throughout the State of Texas and the United States. Today, along with Republic, these companies employ waste disposal drivers such as Plaintiff and the Putative Class Members and conduct waste disposal operations throughout the State of Texas and the United States.

24. Today, Republic conducts its waste disposal business throughout the State of Texas and the United States.

25. Republic and its affiliates and/or subsidiaries, hold themselves out to the general public as one company—that is, Republic Services, Inc. Prior to 2016, Republic organized itself into

three geographic regions in the United States: East, Central and West. Republic is currently organized into two geographic regions in the United States: Group One and Group Two.

26. Republic's organization allows it to provide collection, transfer, recycling and landfill waste services nationwide. Republic's structure allows it to fully integrate operations within each region and area, allowing for a top-down operating strategy. This organization also allows Republic to minimize administrative and personnel costs by collapsing and consolidating job duties into fewer managerial and administrative positions. Ultimately, this structure, with fewer administration and upper management personnel, allows for a more streamlined managerial decision-making.

27. Upon information and belief, Republic shares employees, has common management, pools resources, is affiliated and operates out of the same headquarters and/or regional headquarters. Republic advertises through one website, provides the same type of service to its customers, and shares a common business model. Part of the common business model is the overtime wage violations made the basis of this complaint.

28. Republic, and its subsidiaries throughout the United States, have an interrelation of operations, centralized control of labor relations, common control over business operations, and a common business purpose to provide their customers with commercial, industrial and residential waste collection services.

29. At all times relevant herein, and upon information and belief, Republic and its subsidiaries were (and continue to be) joint employers and/or a single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

### B. PLAINTIFF AND THE PUTATIVE CLASS MEMBERS ARE (OR WERE) WASTE DISPOSAL DRIVERS

30. Republic has residential, commercial, and industrial lines of business that employ waste disposal drivers throughout the United States (the industrial division is also known as the "roll off" division; the commercial division is also known as the "front load" division).

31. Republic's Drivers are or were non-exempt employees under both the FLSA.

32. Plaintiff and the Putative Class Members are (or were) non-exempt waste disposal drivers employed by Republic for the three-year period preceding the filing of this complaint and through the final disposition of this matter.

33. Importantly, none of the FLSA exemptions relieving a covered employer (such as Republic) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

34. Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Republic resulting in the complained of FLSA violations throughout the United States.

### C. REPUBLIC FAILS TO COMPENSATE PLAINTIFF AND PUTATIVE CLASS MEMBERS FOR OVERTIME HOURS WORKED "OFF-THE-CLOCK."

35. As part of their job responsibilities, Plaintiff and the Putative Class Members have pre and post-trip responsibilities that they are required to perform at the beginning and end of each work shift.

36. Plaintiff and the Putative Class Members' pre and post-trip responsibilities are integral and indispensable to their core job duties.

37. Plaintiff and the Putative Class Members pre and post-trip responsibilities are not *de minimis* in nature.

38. Plaintiff and the Putative Class Members performed (and continue to perform) their pre and post-trip responsibilities "off-the-clock."

39. Republic knew and at times encouraged Plaintiff and the Putative Class Members to perform their pre and post-trip responsibilities "off-the-clock" in violation of the FLSA.

40. Republic did not (and does not) compensate Plaintiff and the Putative Class Members for performing their pre and post-trip responsibilities "off-the-clock."

41. As a result of Republic's failure to compensate Plaintiff and the Putative Class Members for performing their pre and post-trip responsibilities "off-the-clock," Plaintiff and the Putative Class Members worked overtime hours for which they were not compensated.

42. Republic's failure to compensate Plaintiff and the Putative Class Members for their "off-the-clock" overtime hours violated (and continues to violate) the FLSA.

43. Plaintiff and the Putative Class Members were subjected to (and continue to be subjected to) the same or substantially similar policy, practice or scheme that required them to perform their pre and post-trip responsibilities "off-the-clock," as described above.

44. Due to the willful and resulting bad faith nature of Republic's conduct, Plaintiff and the Putative Class Members also seek to recover, as liquidated damages, an amount equal to unpaid overtime wages for the period for which unpaid overtime damages are sought. 29 U.S.C. § 216(b).

45. Republic knew or should have known that it was miscalculating Plaintiff and the Putative Class Members' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Class Members in violation of the FLSA.

46. Republic knew or should have known that its failure to pay the correct amount of overtime to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

47. Republic knew or should have known that causing and/or requiring Plaintiff and the Putative Class Members to perform necessary work "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

48. Republic's actions therefore constitute willful violations under the FLSA and were not made in good faith.

49. Indeed, Republic is one of the largest waste disposal and recycling companies in the United States. It is a publicly traded company. Republic is a sophisticated business with the knowledge and expertise to know that the payment scheme used to compensate its Drivers was and continues to be impermissible under the FLSA.

## VI.
## CAUSES OF ACTION

**A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

50. Republic violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(2)(a) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week ar rates at least one and one-half times the regular rates for which they were employed.

51. Moreover, Republic knowingly, willfully and in reckless disregard carried out their illegal pattern of causing Plaintiff and the Putative Class Members to perform pre and post trip inspections off the clock and thereby failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

52. Republic knew or should have known its pay practices were in violation of the FLSA.

53. Republic is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

54. Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Republic to pay according to the law.

55. The decision and practice by Republic to cause and/or require Plaintiff and the Putative Class Members to perform their pre and post trip-inspections "off-the-clock" was neither reasonable nor in good faith.

56. Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B. COLLECTIVE ACTION ALLEGATIONS**

57. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff Buchanan.

58. Other similarly situated employees have been victimized by Republic's patterns, practices, and policies, which are in willful violation of the FLSA.

59. The Putative Class Members are "All Waste Disposal Drivers Employed by Republic Services, Inc., Throughout the United States at Any Time During the Last Three Years, Who Performed Work Off-the-Clock and Were Not Compensated for all Pre and Post-Trip Inspections."

60. Republic's systematic failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

61. Thus, Plaintiff Buchanan's experiences are typical of the experiences of the Putative Class Members.

62. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

63. All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

64. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Putative Class Members are non-exempt, blue-collar waste disposal drivers entitled to overtime after forty (40) hours in a workweek.

65. Republic has employed tens of thousands of waste disposal drivers throughout the United States during the past three years.

66. Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Republic will retain the proceeds of its rampant violations.

67. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

68. Accordingly, the class of similarly situated plaintiffs is defined as:

> **ALL WASTE DISPOSAL DRIVERS EMPLOYED BY REPUBLIC SERVICES, INC., THROUGHOUT THE UNITED STATES AT ANY TIME DURING THE LAST THREE YEARS, WHO PERFORMED WORK OFF-THE-CLOCK AND WERE NOT COMPENSATED FOR ALL PRE AND POST-TRIP INSPECTIONS**

## VI.
## RELIEF SOUGHT

69. Plaintiff respectfully prays for judgment against Republic as follows:

    a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Republic to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding Republic liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order awarding Plaintiff a service award as permitted by law;

i. For an Order compelling the accounting of the books and records of Republic; and

j. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Austin W. Anderson*
    **Austin W. Anderson**
    Federal I.D. No. 777114
    Texas Bar No. 24045189
    austin@a2xlaw.com
    **Clif Alexander**
    Federal I.D. No. 1138436
    Texas Bar No. 24064805
    clif@a2xlaw.com
    **Lauren E. Braddy**
    Federal I.D. No. 1122168
    Texas Bar No. 24071993
    lauren@a2xlaw.com
    **ANDERSON2X, PLLC**
    819 N. Upper Broadway
    Corpus Christi, Texas 78401
    Telephone: (361) 452-1279
    Facsimile: (361) 452-1284

    **ATTORNEYS IN CHARGE FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**